UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEVIN LEE HARRIS, | Case No. 1:19-cv-00429-JDP |
| Plaintiff, | ORDER GRANTING MOTION TO AMEND |
| v. | ECF No. 11 |
| E. PARKS, *et al.*, | ORDER DENYING MOTION TO APPOINT COUNSEL |
| Defendants. | ECF No. 7 |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Before the court are plaintiff's motion to amend his complaint, ECF No. 11, and motion to appoint counsel, ECF No. 7. For the reasons discussed below, I will grant plaintiff's motion to amend and deny plaintiff's motion for counsel.

**I.      Motion to Amend Complaint**

Plaintiff moves the court for leave to amend his complaint. As this is plaintiff's first motion and I grant leave to amend once as a matter of course, I grant plaintiff's motion. *See* Fed. R. Civ. P. 15(a)(1); ECF No. 11. Plaintiff will have thirty days to submit a first amended complaint.

The amended complaint will supersede the original complaint, *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and the amended complaint must be complete

1

on its face without reference to the prior, superseded pleading, *see* E.D. Cal. Local Rule 220. Plaintiff may not change the nature of this suit by adding new, unrelated claims or new, unrelated defendants in his amended complaint. *See* Fed. R. Civ. P. 18; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . ."). Once an amended complaint is filed, the original complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

## II.    Motion for Counsel

Plaintiff moves for the appointment of counsel. ECF No. 7. Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). The court may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (quotation marks and citations omitted).

The court cannot conclude that exceptional circumstances requiring the appointment of counsel are present here. The allegations in the complaint are not exceptionally complicated. Based on a review of the record, it is not apparent that plaintiff is unable to articulate his claims adequately. Further, at this early stage in the proceedings, plaintiff has not demonstrated that he is likely to succeed on the merits.

The court may revisit this issue at a later stage of the proceedings if the interests of justice so require. If plaintiff later renews his request for counsel, he should provide a detailed explanation of the circumstances that he believes justify appointment of counsel.

**III.     Conclusion and Order**

Accordingly,

1.   plaintiff's motion to amend complaint, ECF No. 11, is granted;

2.   plaintiff's motion for counsel, ECF No. 7, is denied without prejudice;

3.   plaintiff shall have thirty days to file a first amended complaint; and

4.   the clerk is directed to send plaintiff a civil rights complaint form.

IT IS SO ORDERED.

Dated:     October 15, 2019     _____
                                 UNITED STATES MAGISTRATE JUDGE

No. 204