UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEVIN LEE HARRIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>E. PARKS, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00429-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR AN INJUNCTION BE DENIED<br><br>ECF No. 10<br><br>OBJECTIONS DUE IN FOURTEEN DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff seeks injunctive relief against defendants. ECF No. 10. For the reasons discussed below, I recommend denying plaintiff's motion.

**I.　　Relief Requested**

Although plaintiff's motion is not easy to understand, he appears to be alleging past violations of his rights and seeking an injunction barring similar violations in the future. *See* ECF No. 10 at 1 ("The officials of this complaint but not limited to have all abused their authority and or in some way have been deliberately indifferent to plaintiff and deprived plaintiff of [his] constitutional rights, violated them, and federal and state laws.") Plaintiff notes that he is in the same prison system—although apparently not the same prison facility—as he was when the events described in his complaint occurred. *See id.* Plaintiff references grievance forms that he

1

claims to have filed, although the forms are not attached to the motion. *See id.* Ultimately, I cannot tell what specific harm or harms plaintiff seeks to remedy via injunction. *See id.* at 1-2.

**II. Analysis**

A federal district court may issue injunctive relief only if the court has both personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend"). The court may not determine the rights of persons not before it. *See Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983); *see also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Rule 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "[P]laintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In addition to establishing irreparable harm, the injunctive relief sought must be related to the claims brought in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). A permanent injunction may be granted only after a final hearing on the merits. *See MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 520 (9th Cir.1993) ("As a general rule, a permanent injunction will be granted when liability has been established . . . .").

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials. In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). As the Ninth Circuit has previously observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000).

Plaintiff's motion for injunctive relief should be denied. A permanent injunction would be premature; there has been no final hearing on the merits. A temporary injunction would also be inappropriate; plaintiff has not established the elements necessary to obtain injunctive relief. His allegations are conclusory and bereft of detail. Plaintiff fails to establish that irreparable harm is likely; he doesn't even identify a specific harm that he fears will befall him. Instead, he vaguely declares that he seeks "respect of his U.S. Constitutional rights" and wishes to be "free from any harm." ECF No. 10 at 2. Such broad demands do not justify injunctive relief. *See Cottrell*, 632 F.3d at 1131. Plaintiff also fails to demonstrate that he is likely to succeed on the merits. Plaintiff's motion contains no evidence or documentation supporting either the assertions in his motion or those in his complaint. *See* ECF No. 10.

### III.    Order

The clerk of court is directed to assign this case to a district judge. The undersigned will remain as the magistrate judge assigned to the case.

### IV.    Recommendations

Accordingly, I recommend that plaintiff's motion for injunctive relief, ECF No. 10, be denied. These findings and recommendations will be submitted to the U.S. district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, the parties may file written objections with the

court.  If a party files objections, that party should do so in a document captioned "Objections to Magistrate Judge's Findings and Recommendations."

IT IS SO ORDERED.

Dated: October 22, 2019 /s/ Jeremy Peterson
UNITED STATES MAGISTRATE JUDGE

No. 204