UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEVIN LEE HARRIS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>E. PARKS,<br><br>　　　　　Defendant. | Case No. 1:19-cv-00429-JLT-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 41) |

Before the Court is Plaintiff's Third Amended Complaint. (Doc. No. 41). For the reasons set forth below, the undersigned recommends the district court dismiss the Third Amended Complaint under § 1915A for failure to state a claim.

**BACKGROUND AND OPERATIVE PLEADING**

Plaintiff, a state prisoner proceeding *pro se*, filed his initial civil rights complaint under 42 U.S.C. § 1983 on April 4, 2019. (Doc. No. 1). On April 16, 2020, after Plaintiff filed a First Amended Complaint ("FAC"), the then-assigned magistrate judge screened the FAC, finding it failed to include sufficient detail to connect any defendant to a deprivation of any constitutional right. (Doc. No. 27 at 3). The Court also noted Plaintiff included several unrelated incidents in a single complaint, which is not permitted. (*Id.*). While granting leave to amend, the Court

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. §636(b)(1)(B) and Eastern District of California Local Rule 302 (E.D. Cal. 2022).

cautioned Plaintiff against including unrelated claims in a single action. (*Id*.). Plaintiff filed a Second Amended Complaint ("SAC") on May 4, 2020. (Doc. No. 29).

The undersigned found that the SAC largely mirrored Plaintiff's prior complaint discussing numerous incidents and containing few facts and mostly legal conclusions. (Doc. No. 39 at 2). As a result, the Court gave Plaintiff three options (1) file a third amended complaint which would supersede the SAC; (2) file a notice that he intended to stand on his current complaint subject to the undersigned recommending the district court dismiss for the reasons stated in the January 3, 2022 screening order; or (3) because no Defendant had been served, file a notice of voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1), which would preclude this action from counting as a strike under the Prison Litigation Reform Act ("PLRA").[2] (*Id.* at 8-9). Plaintiff elected option one and filed a Third Amended Complaint ("TAC").

The TAC identifies only E. Parks as a named defendant in the caption. (*See* Doc. No. 41 at 1). The gravamen of the TAC concerns the force used on Plaintiff when he was extracted from his cell at CDCR Corcoran on September 18, 2018. The following acts are alleged in the TAC, which are presumed true at this procedural stage of the proceedings.

Defendant Parks, who was the administrator of the day, ordered an officer to spray Plaintiff "in the face" with a chemical agent, ordered other officers to "assist, cuff Plaintiff," physically remove him from his cell and place shackles on him. (Doc. No. 41 at 4). Defendant Parks also ordered a correctional officer to assist another correctional officer by holding Plaintiff's arms and shoulders while Plaintiff was on his knees. (*Id*.). Parks directed the use of force, which Plaintiff describes as "unnecessary/excessive force." (*Id*.). After he was extracted from the cell, correctional officers took Plaintiff to the day room, where Parks ordered officers "to take Plaintiff to the ground." (*Id*. at 5). Plaintiff was "slammed" to the ground and "kneed" with

---

[2] Under § 1915(g), prisoners who have repeatedly brought unsuccessful suits may be barred from bringing a civil action and proceeding *in forma pauperis* once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim. *Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020); *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir. 2007). Regardless of whether the dismissal was with or without prejudice, a dismissal for failure to state a claim counts as a strike under § 1915(g). *Lomax,* 140 S. Ct. at 1727.

the officers landing on top of Plaintiff "applying downward force with knee, hands, and twisting [his] ankles." (*Id*.). Either Defendant Parks or R. Savala cut off Plaintiff's clothes with scissors causing "a laceration" to Plaintiff during the process. (*Id*.). While naked, correctional officer Madrigal slid his hand between Plaintiff's buttocks causing unspecified "injuries and damages." (*Id*.). The entire incident on September 18, 2018, was witnessed and ordered by Defendant Parks and Parks did not "temper the severity of [the] entire incident." (*Id*.). During and prior to the alleged incident on September 18, 2018, Plaintiff told Defendant Parks that he feared for his safety around the correctional officers involved, including J. Scalia, Madrigal, E. Moreno, and E. Diaz. Plaintiff opines that because he expressed this fear, Defendant Parks along with correctional officers J. Scalia, Madrigal, E. Moreno, and E. Diaz "staged" the use of force incident. (*Id*. at 4). Plaintiff sustained "bone pains, headaches, bruises and a laceration" and seeks $90,000.00 in punitive damages. (*Id*. at 5).

The TAC also identifies R. Pleschuck, the supervising psychologist at Mule Creek State Prison, as a defendant under the list of "Defendants" in the complaint form but his name does not appear on the caption. (*see* Doc. No. 41 at 1-2). The TAC is otherwise devoid of any other mention of R. Pleschuck anywhere.

**APPLICABLE LAW**

A. Section 1915A Screening and Rule 8

Because Plaintiff commenced this action while he was incarcerated, he is subject to the Prison Litigation Reform Act ("PLRA"), that requires, *inter alia*, that the court screen a complaint that seeks relief against a governmental entity, its officers, or its employees under 28 U.S.C. § 1915A before directing service upon any defendant. This requires the court to identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *see also* 28 U.S.C. § 1915(e)(2)(b)(ii) (governing actions proceeding *in forma pauperis*).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th

3

Cir. 1984). Claims are frivolous where they are based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A claim fails to state a claim upon which relief may be granted if it appears that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Palmer v. Roosevelt Lake Log Owners Ass'n, Inc.*, 651 F.2d 1289, 1294 (9th Cir. 1981). Examples of immunity that would preclude relief during screening, include, but are not limited to, quasi-judicial immunity, sovereign immunity, or qualified immunity. Additionally, a prisoner plaintiff may not recover monetary damages absent a showing of physical injury. *See* 42 U.S.C. § 1997e(e). In other words, to recover monetary damages, a plaintiff must allege physical injury that need not be significant but must be more than *de minimis*, except when involving First Amendment claims. *Oliver v. Keller*, 289 F.3d 623, 626-28 (9th Cir. 2002) (surveying other circuit courts for the first time to address injury requirement for monetary damages, and agreeing with the Second, Fifth, and Eleventh Circuits on PLRA's injury requirement).

At the screening stage, the court accepts the factual allegations in the complaint as true, *Hosp. Bldg. Co. v. Rex Hosp. Tr.,* 425 U.S. 738, 740 (1976), construes the complaint in the light most favorable to the plaintiff and resolves all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). A court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose,* 788 F.2d 638, 643 n. 2 (9th Cir.1986). Nor does the court accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Critical to evaluating a constitutional claim is whether it has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

The Federal Rules of Civil Procedure require only that the complaint contain "a short and plain statement of the claim showing the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Nonetheless, a claim must be facially plausible to survive screening, which requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*,

4

572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Thus, it is inappropriate for the court to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,* 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983).

If an otherwise deficient pleading could be cured by the allegation of other facts, the *pro se* litigant is entitled to an opportunity to amend their complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). However, it is not the role of the Court to advise a *pro se* litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.

B.  Section 1983 and Excessive Use of Force Under the Eighth Amendment

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). The plaintiff can satisfy the causation requirement by showing either: (1) the defendant's "personal involvement" in the alleged deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a supervisor and the alleged deprivation. *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018).

Inmates who sue prison officials for injuries sustained while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause, or, if the claim is pursued by a pre-trial detainee who is not convicted, under the Fourteenth Amendment's Due Process Clause. *Bell v. Wolfish*, 441 U.S. 520 (1979) (holding that under the Due Process Clause, a pre-trial detainee may not be punished prior to conviction). The Eighth Amendment protects inmates from inhumane methods of punishment and conditions of confinement. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not … use excessive physical force against prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is … whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). When determining whether the force was excessive, the Court looks to the "extent of injury suffered by an inmate…, the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Id*. at 7 (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). While *de minimis* uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Hudson*, 503 U.S. at 9.

C. Supervisor Liability

Liability under section 1983 arises only upon a showing of personal participation by the defendant. "There is no respondeat superior liability under section 1983." *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989) (citations omitted). A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations or knew of

the violations and failed to act to prevent them. *Id.*, *see also Starr v. Baca,* 652 F.3d 1202, 1206–07 (9th Cir. 2011).

## ANALYSIS

### A. Claim of Excessive Force on September 18, 2018

Plaintiff describes certain conduct (*e.g.* that he was sprayed with a chemical agent, slammed to the ground, kneed, and had his ankles twisted) when he was forcibly extracted from his cell that continued into the day room; however, Plaintiff fails to allege any surrounding facts suggesting that the force was not applied in a good faith effort to maintain or restore discipline. (*See* Doc. 41 at 4-5). Plaintiff's description of the force as "unnecessary/excessive" is a legal conclusion that the court "need not assume the truth of." *United States ex rel. Chunie v. Ringrose,* 788 F.2d at 643. Critical here is that the TAC is silent as to what precipitated the need to forcibly removed Plaintiff from his cell. (*See id.*). The TAC indicates only that the use of force occurred during a cell extraction, but provides no facts as to what, if anything, prompted the cell extraction. No factual background of events that led up to the cell extraction are provided. There are no facts from which the Court can reasonably construe that there was no legitimate or prison management need for the force or that the force used was out of proportion to that need. Plaintiff does not allege that he was compliant nor that he was not combative during the extraction. (*See id.*). And while a correctional officer may not use excessive force, officers may use some measure of force if an inmate refuses a valid order. *Whitley*, 475 U.S. at 320; *LeMarie v. Maass*, 12 F.3d 1444, 1451 (9th Cir. 1993). The appropriateness of the use of force is determined by the facts and circumstances of each particular case. *Michenfleder v. Summer*, 860 F.2d 328, 335 (9th Cir. 1988). Here the TAC is completely silent as to any facts or circumstances attendant to the use of force event. A conclusory allegation of force as "unnecessary/excessive" that is unsupported by any facts is insufficient to state a claim under section 1983. Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations are not adequate to support a cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.* This Court cannot read

into the FAC unpled facts. As set forth above, Fed. R. Civ. P. 8 requires a complaint contain sufficient factual detail to allow the Court to reasonably infer that Defendant Parks is liable for not just directing the use of force but directing the use of <u>excessive</u> force. Where Plaintiff has failed to plead such facts, this Court cannot reasonably infer that Plaintiff can prove such facts. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,* 459 U.S. at 526. Based on requisite pleading standards and governing precedent, the TAC fails to state a cognizable Eighth Amendment claim for excessive use of force.

Additional support that the force used was not excessive lies in the *de minimis* injuries suffered by Plaintiff. Other than stating he received a laceration when his clothing was cut off with a pair of scissors and he suffered unspecified bone pains and bruises as a result of the incident, Plaintiff does not describe or allege the types of injuries to substantiate a claim that defendant Parks directed officers to employ either malicious or sadistic use of force. (*See id*.). As the Supreme Court has emphasized, "not ... every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. Thus, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Meredith v. State of Ariz.*, 523 F.2d 481, 483 (9th Cir. 1975) (citation omitted), *abrogated on other grounds as recognized in Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 882 F.2d 1398, 1408 n.10 (9th Cir. 1989). *see also Hudson,* 503 U.S. at 7 (noting the "absence of serious injury is ... relevant to the Eighth Amendment inquiry, but does not end it."). And while certain de minimis force may be sufficient in limited circumstances, there are not facts here to infer that the force used was gratuitous or without reason. *Wilkins v. Gaddy*, 130 S. Ct. 1175, 1178-79 (2010) ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."). Given the *de minimis* injury and the absence of any factual allegations concerning the use of force, the Court finds the TAC fails to plausibly states an Eighth Amendment claim.

B. "Sexual Assault" on September 18, 2018

Plaintiff claims that he was "sexually assaulted" when correctional officer Madrigal "slid

his hand between [Plaintiff's] butt and, [sic] Plaintiff suffered injuries and damages." (Doc. No. 41 at 5). Notably, correctional officer Madrigal is not named as a defendant. Nonetheless, even if the Court liberally construes the TAC as alleging that the action was taken at the direction of Defendant Parks, the TAC fails to allege a viable claim.

To state a cognizable sexual assault claim, a plaintiff must plead facts indicating that "a prison staff member, acting under color of law and without legitimate penological justification, touched [him] in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading or demeaning the prisoner." *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020). When evaluating a prisoner's sexual assault claim against a corrections officer, courts should consider "whether 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Johnson v. Frauenheim*, 2021 WL 5236498, *11 (E.D. Cal. Nov. 10, 2021) (findings and recommendations adopted by *Johnson v. Frauenheim*, 2021 WL 5982293 (E.D. Cal. Dec. 17, 2021)) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

Again, the TAC is devoid of any facts to support a claim of sexual assault other than Plaintiff was touched "between his butt." Plaintiff offers no facts as to the length of the touching, the manner of the touching, or any other facts to indicate that he was touched in a sexual manner that exceeded the scope of actions required by the correctional officer. C*f. Johnson*, 2021 WL 5236498, * 11 (finding that plaintiff did not establish a sexual assault claim where he failed to allege that any touching to his genitalia was anything more than brief); *Berryhill v. Schriro*, 137 F.3d 1073 (8th Cir. 1998) (finding that plaintiff did not establish a sexual assault claim when there were two brief touches to plaintiff's buttocks which were not accompanied by any sexual comments or banter). Finally, the TAC contains no facts which indicate the correctional officer touched Plaintiff out of the correctional officer's own sexual gratification or for the purposes of humiliating, degrading or demeaning Plaintiff. Instead, the act complained of occurred after the cell extraction. Consequently, Plaintiff has not stated a cognizable claim of sexual assault.

////

C. "Battery" on September 18, 2018

Plaintiff alleges that either Defendant Parks or R. Zavala cut off his clothes during the incident on September 18, 2018, which resulted in Plaintiff receiving a "laceration." (Doc. No. 41 at 5). R. Zavala is not named as a defendant. Construing the allegations as against Defendant Parks, or that the actions were done at his direction, the claim nonetheless fails.

Battery is a state law claim that does not create liability under section 1983, which covers only violations of federal law. Moreover, accidental uses of force do not support a claim for excessive force. *See Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015). To the extent the TAC attempts to allege an excessive force claim stemming from the laceration, it contains no facts describing where Plaintiff was lacerated, any details about the laceration (length, depth, did it require stitches), and is devoid of facts to suggest that Defendant Parks directed any officer to deliberately cut Plaintiff. Therefore, the TAC fails to state an excessive force claim stemming from the laceration. Because Plaintiff has not stated a cognizable federal claim, the undersigned declines to consider whether Plaintiff stated a pendent state law battery claim. *See* 28 U.S.C. §§ 1367(a), (c)(3).

D. Conspiracy That September 18, 2018, Incident was "Staged"

Liberally construing the TAC, Plaintiff claims that Defendant Parks engaged in a conspiracy with Sgt B. Hackworth, corrections officer J. Scalia, E. Diaz, and corrections officer A. Madrigal to stage the September 18, 2018, incident. (Doc. No. 41 at 3). Plaintiff suggests the incident was staged so Defendant Parks could act upon Plaintiff's fear of his safety. (*Id.*).

To establish a conspiracy to violate one's rights under § 1983, a plaintiff must plead facts supporting the "(1) the existence of an express or implied agreement among the defendant officers to deprive him of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement." *See Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objectives of the conspiracy." *Id*; *see also Mendocino Envtl. Ctr. v. Mendocino Cty.*, 192 F.3d 1283, 1301 (9th Cir. 1999) ("For example, a showing that the alleged conspirators have

10

committed acts that are unlikely to have been undertaken without an agreement may allow a jury to infer the existence of a conspiracy.") (internal quotations omitted). To maintain a § 1983 conspiracy claim, a plaintiff must allege that an actual deprivation of his constitutional rights resulted from the alleged conspiracy. *See Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006).

As noted above, the undersigned does not find the TAC adequately alleges an Eighth Amendment claim. Thus, by implication, the TAC does not allege a conspiracy to violate his rights. Further, the TAC does not allege any facts to support a conspiracy claim but merely claims that the incident on September 18, 2018 was "staged" in order to act upon Plaintiff's fear of Defendant Parks and other correctional officers. (Doc. No. 41 at 3). While Plaintiff states he told Defendant Parks that he feared for his safety around correction officers J. Scalia, Madrigal, E. Moreno, and E. Diaz, he does not indicate *when* he told Defendant Parks. (*Id.*) (emphasis added). Plaintiff does not express any facts that would suggest there was an expressed or implied agreement between Defendant Parks and Sgt B. Hackworth, corrections officer J. Scalia, E. Diaz, and corrections officer A. Madrigal to deprive Plaintiff of his rights under § 1983. Furthermore, Plaintiff does not allege any facts that would indicate Defendant Parks and Sgt B. Hackworth, corrections officer J. Scalia, E. Diaz, and corrections officer A. Madrigal shared a common objective in the alleged conspiracy or that the aforementioned individuals had a "meeting of the minds." As a result, the TAC fails to state a cognizable claim of conspiracy.

D.  Claim Against R. Pleschuck

The TAC is devoid of any facts about a claim against Defendant Pleschuck. (*See generally* Doc. No. 41). The only time Defendant Pleschuck appears in the TAC is on page 2 when Plaintiff lists the defendants he is suing in his TAC. (Doc. No. 41 at 2). As a result, because there are no allegations pled against Defendant Pleschuck, the TAC fails to state any claim, let alone a cognizable § 1983 claim, against Defendant Pleschuck.

**CONCLUSION AND RECOMMENDATION**

Plaintiff has had the opportunity on two occasions to cure the deficiencies in his prior complaints. (See Doc. Nos. 27, 39). In each of these orders, the Court instructed Plaintiff on the applicable law and pleading requirements. In fact in its January 3, 2022 second screening order,

the undersigned specifically addressed the fact that the SAC failed to "include facts suggesting that the force was not applied in a good faith effort to maintain or restore discipline." (Doc. No. 39 at 7).  Despite affording Plaintiff an opportunity to correct the deficiencies, the TAC fails to adequately state any plausible § 1983 claim.  Thus, the undersigned recommends the district court dismiss the TAC without further leave to amend. *McKinney v. Baca*, 250 F. App'x 781 (9th Cir. 2007) *citing Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir.1992) (noting discretion to deny leave to amend is particularly broad where court has afforded plaintiff one or more opportunities to amend his complaint).

Accordingly, it is **RECOMMENDED**:

The TAC be dismissed under § 1915A for failure to state a claim and the action be dismissed.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     June 10, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE